IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO GARCIA, | § | |
| #56204-177, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:21-CV-1834-L-BK |
| | § | (CRIMINAL CASE NO. 3:17-CR-451-L-7) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Francisco Garcia's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I. BACKGROUND

Garcia pled guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to 168 months' imprisonment and a three-year term of supervised release. Crim. Doc. 854.[2] He filed a direct appeal that was dismissed as frivolous on May 15, 2020. Crim. Doc. 938.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." citations refer to the related criminal case: *United States v. Garcia*, No. 3:17-CR-451-L-7 (N.D. Tex. Apr. 19, 2019).

On August 5, 2021, he filed this § 2255 motion. Doc. 2. Garcia challenges his waiver of appeal and right to pursue post-conviction relief for ineffective assistance of counsel, and claims the Court misapplied the sentencing guidelines and failed to properly consider the sentencing factors. Doc. 2 at 7-8, 5-6.[3]

Subsequently, on February 11, 2022, the Court granted Garcia's motion for compassionate release based on his lung cancer and limited life expectancy and modified his sentence to time served. Crim. Doc. 961. Defendant is currently serving the three-year term of supervised release.

Upon review, the Court concludes that Garcia is not entitled to relief. Thus, his § 2255 motion should be summarily dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a movant stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under § 2255, a movant can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Appeal Waiver was Voluntary and Ineffective Assistance Claim Fails.

In his first and second issue, Garcia contends that his waiver of appeal and right to pursue post-conviction relief under his plea agreement was unknowing and that his counsel was ineffective for recommending that he agree to the appeal waiver. Doc. 2 at 7; Doc. 2 at 5. These claims are unsupported and belied by the record, however.

---

[3] Movant did not file a brief in support of his § 2255 motion, although he initially noted that he would. Doc. 2 at 11.

> A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. A defendant must know that he had a right to appeal his sentence and that he was giving up that right. A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of appeal. District courts must ascertain that defendants understand provisions in plea agreements waiving the right to appeal.

*United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (citations and quotation marks omitted).

Garcia specifically argues his appeal waiver was not knowing and voluntary because as a layperson, he was:

> totally reliant on the advice of counsel. . . . [and] it is unfair to presume that from whatever explanation counsel might offer beyond reading the waiver provision, a reasonably educated layperson may be able to discern how little recourse exists to bring a post-conviction challenge. He entered the plea of guilty without full understanding of the rights he was relinquishing. He submits that he cannot be perceived to have knowingly waived the right to challenge the term yet to be imposed.

Doc. 2 at 7.

Review of the record reveals that Garcia clearly understood his right to appeal and to challenge his conviction and sentence in post-conviction proceedings, as well as the fact he was giving up those rights. In his written Plea Agreement Garcia acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with [his] attorney and [was] fully satisfied with that attorney's legal representation . . . [and had] received from [his] lawyer explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to [him] other than entering into this agreement." Crim. Doc. 359 at 6-7. And Garcia's Plea Agreement contained an "explicit, unambiguous waiver of appeal." *Keele*, 755 F.3d at 754; *see* Crim. Doc. 359 at 6 (¶ 12 of Plea Agreement).

Moreover, at rearraignment, Garcia confirmed, while under oath and subject to the penalties for perjury, Crim. Doc. 898 at 2-3, that he signed the Plea Agreement containing the appeal waiver only after (1) reading it, (2) discussing it with his attorney, and (3) understanding "all the terms" set out in it.  Crim. Doc. 898 at 21.  Garcia also affirmed his understanding that he was giving up his right to appeal and to file any post-conviction challenges except under the limited circumstances set out in the plea agreement, and that he was doing so "voluntarily and of [his] own free will."  Crim. Doc. 898 at 25-26.

Garcia's current, self-serving assertions to the contrary cannot overcome his sworn affirmations in open court.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").  Moreover, his claim that he did not know or understand the appeal rights he was waiving is contradicted by his behavior following rearraignment, to-wit: Garcia never refuted or even tried to refute the sworn affirmations he gave at rearraignment during the more than one-year period before sentencing or at his sentencing hearing, which is strongly suggestive of his lack of veracity now.  Finally, even assuming for argument's sake that counsel was deficient in explaining the appeal waiver, considering the undersigned's pointed discussion at rearraignment of the specific provisions of the waiver and Garcia's confirmation that the waiver was indeed knowing and voluntary, he cannot demonstrate prejudice.

On this record, Garcia's self-serving argument that his waiver of appeal and right to seek post-conviction relief was unknowing and involuntary is patently frivolous.  His claim of ineffective assistance of counsel likewise fails.

## B. Sentencing Claims are Conclusory, Procedurally Barred, and Meritless

In his third and fourth grounds, Garcia appears to challenge his sentence. Doc. 2 at 7-8. He asserts "the sentencing guideline calculated overstates the culpability of the movant and his role in the offense." Doc. 2 at 7. He also asserts that the Court failed to properly consider the 18 U.S.C. § 3553 sentencing factors in determining the appropriate sentence. Doc. 2 at 6, 8.

At the outset, the Court notes that Garcia's sentencing claims have essentially been rendered moot by the granting of his motion for compassionate release and reduction of his sentence to time served. That notwithstanding, his claims are fatally vague and conclusory. Having failed to raise them on direct appeal, they are also procedurally defaulted absent a showing of both (1) cause excusing his procedural default and (2) actual prejudice resulting from the error. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). But that's not the case here, as Garcia alleges nothing that would meet either the cause and prejudice or the actual innocence requirements. So his sentencing claims should not be considered.[4]

In addition, if Garcia challenges the application of the Sentencing Guidelines, his claim is not cognizable under the limited scope of § 2255 because it is not of constitutional dimension

---

[4] Courts can invoke procedural bars sua sponte but only after giving the movant an opportunity to respond. *See Willis,* 273 F.3d at 596-97. Garcia will have a chance to oppose the procedural default determination during the 14-day period for filing objections to this report and recommendation. *Id.* at 597 and n.6 (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

and it could have been raised on direct appeal. See *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions.").

Likewise, Garcia's claim that the Court erred in failing to properly consider the § 3553(a) factors is not cognizable on § 2255 review. Because Garcia challenges the application of the § 3553(a) factors and the reasonableness of his sentence, he does not assert a constitutional or jurisdictional claim of error. See *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996). Garcia asserts instead an error in the application of statutory law, which is not cognizable under the limited scope of § 2255 because it is not of constitutional dimension and it could have been raised on direct appeal. See *Williamson*, 183 F.3d at 462; *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) ("[A]n attack on the district court's upward departure is not cognizable in a § 2255 action.").

### III. CONCLUSION

For all these reasons, Garcia's § 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on January 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).