# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **FRANCISCO GARCIA**, #56204-177, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-1834-L-BK** |
| | § | (Criminal Case No. 3:17-CR-451-L-7) |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

On January 13, 2023, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8), recommending that the court deny pro se Movant Francisco Garcia's ("Movant") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion") (Doc. 2). The Report recommended dismissal because Movant did not show that his waiver of appeal and right to seek post-conviction relief was unknowing or that his counsel was ineffective for recommending that he agree to the waiver. Doc. 8 at 2. Further, Movant did not show that he was entitled to relief on the asserted grounds challenging his sentence because: (1) the granting of his motion for compassionate release mooted his sentencing claims; (2) his claims are conclusory and vague; and (3) his motion fails to assert a constitutional or jurisdictional claim of error. *Id.* at 5-6. Movant did not file objections to the Report, and the time to do has passed.[1]

---

[1] The court notes that Movant has not updated his address with the court, and the Report was returned as undeliverable to his provided address at a Bureau of Prisons facility. Doc. 9. Because Movant has failed to follow the court's instructions to notify it of changes to his address, the court will not withhold ruling on the Report, as such failure would allow the court to dismiss the Motion in the alternative pursuant to Federal Rule of Civil Procedure 41(b). *See* Doc. 1 (ordering litigants to "notify the court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Movant has not shown an entitlement to relief because he failed to present evidence that his waiver was unknowing or involuntary, that his trial and appellate counsel were deficient, or that his conclusory challenges to his sentence have any merit. Accordingly, the court **denies** Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2), and it **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)      Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> (**b**)      **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 15th day of February, 2023.

Sam A. Lindsay
United States District Judge